UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

    v.

APPLE-METRO, INC.; and HAWTHORNE
APPLE, LLC,

    Defendants.

Civil Action No. 17-CV-4333-VLB



## CONSENT DECREE and ORDER

    Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Apple-Metro, Inc. and Hawthorne Apple, LLC ("Defendants") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") when it subjected the Aggrieved Individual to harassment because of her gender identity and also terminated her because she is transgender and/or in retaliation for complaining of the harassment. Defendants filed an Answer to the Complaint in which they assert that they did not engage in unlawful discrimination, harassment, retaliation, or any other unlawful conduct.

    Nothing in this Consent Decree is an admission by either party of the claims or defenses of the other party.

    In the interest of resolving this matter, and to avoid the expense of further litigation, the EEOC and Defendants have agreed that this action should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on the parties, including Defendants' successors, assigns, subsidiaries, and any other

entity with which Defendants may merge or consolidate.  The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

<u>GENERAL PROVISIONS</u>

1.     This Decree is final and binding on the parties and resolves all claims asserted by the Complaint in this action and the underlying Charge No. 520-2016-01490.  This Decree does not resolve any other charge of discrimination pending before the EEOC, or any charge that may be filed in the future.

2.     The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

3.     By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

4.     Whenever Defendants are required to send documents, reports, forms, or other materials to the EEOC pursuant to this Decree, Defendants shall send such matters by electronic mail to Kirsten Peters at kirsten.peters@eeoc.gov and "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

Case 7:17-cv-04333-VB Document 61-1 Filed 10/25/18 Page 3 of 14

## INJUNCTIVE RELIEF

5.       Defendants are enjoined from engaging in any employment practice prohibited by Title VII, including, but not limited to (1) failing to prevent or correct unlawful harassment of an employee because of sex, including gender identity, and (2) discharging an employee because of sex, including gender identity.

6.       Defendants are enjoined from engaging in unlawful retaliation of any kind against any person because such person has opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under Title VII or this Decree, or because such person was identified as a possible witness in connection with this matter.

## ADOPTION, POSTING, AND DISTRIBUTION OF POLICY
## PROHIBITING EMPLOYMENT DISCRIMINATION

7.       Within fifteen (15) business days of the entry of this Decree, Defendants will redistribute to all current Apple-Metro and Hawthorne employees an antidiscrimination policy that prohibits discrimination on the basis of gender identity, outlines a procedure for making complaints or reports of discrimination, and identifies the individuals with whom complaints or reports should be filed (the "Antidiscrimination Policy"). The Policy shall, at a minimum, expressly prohibit all forms of discrimination and retaliation prohibited by Title VII, including discrimination based on gender identity, state expressly that such prohibition applies to employees and applicants for employment, and inform employees that they are entitled to make complaints or reports of unlawful employment discrimination to Defendants and to the EEOC. Defendants will provide the EEOC with a copy of the Antidiscrimination Policy within ten (10) days of entry of this Decree.

8.       Defendants shall provide a copy of the Antidiscrimination Policy to all Apple-

Metro and Hawthorne employees hired after the entry of this Decree within fifteen (15) business days of the start of their employment. The policy will also be made available on the intranet.

9.       Within fifteen (15) business days of the entry of this Decree, Defendants will post a copy of the Antidiscrimination Policy in locations visually accessible to and commonly frequented by its employees and in locations typically used by Defendants for posting notices directed to employees or job applicants. The Antidiscrimination Policy will be posted at the Hawthorne restaurant and at Apple-Metro's corporate offices.

10.       Within fifteen (15) business days of the entry of this Decree, Defendants will conspicuously display and maintain EEO posters at the Hawthorne restaurant and at Apple Metro's corporate offices in a location visually accessible to and commonly frequented by Defendants' employees and in locations typically used by Defendants for posting notices directed to employees or job applicants.

11.       Within five (5) business days of the entry of this Decree, Defendants will post the "Notice of Lawsuit and Settlement," attached as Exhibit A, at the Hawthorne restaurant and at Apple-Metro's corporate offices in locations visually accessible to and commonly frequented by Defendants' employees and in locations typically used by Defendants for posting notices directed to employees or job applicants.

<u>RECORDKEEPING AND REPORTING</u>

12.       During the term of this Decree, Defendants shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) by any of their employees of employment discrimination or retaliation prohibited by Paragraphs 5-6 of this Decree.  For each such complaint or report, such records shall include: (a) the name of the employee who made the

complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendants took; and (e) if the complaint or report was made in written form, a copy thereof.

13.     Defendants shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree.  Defendants shall permit a representative of the EEOC to enter the Hawthorne restaurant or Apple-Metro's corporate offices on five business days' notice, during normal business hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this Decree; provided, however, that the EEOC may enter the Hawthorne restaurant or Apple-Metro's corporate offices without advance notice, during normal business hours, for the purpose of verifying compliance with the notice posting requirements of Paragraphs 9-11.

14.     Defendants shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree.  The first Semi-Annual Report shall be due six (6) months after entry of the Decree.  Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree.  Each such Semi-Annual Report shall contain:

(a)     Copies of all records described in Paragraph 12, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Defendants that no complaints or reports of discrimination were received during that period;

and

(b)     A certification by Defendants that the Notice required to be posted pursuant to Paragraph 11 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

## TRAINING

15.     Within 60 days of the entry of this Decree, and annually thereafter, Defendants will provide all supervisory and management employees (including General Managers, Assistant Managers, Area Directors), and other employees involved in Human Resources no fewer than two (2) hours of live in-person training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting harassment and discrimination based on sex, including gender identity and retaliation, as well as training on Defendants' EEO policies, complaint procedure, and such trainees' responsibilities thereunder.  Newly hired or promoted supervisory and management employees will be given the training within thirty (30) business days after starting in the position.

16.     Within 60 days of the entry of this Decree, and annually thereafter, Defendant Hawthorne will provide all of its non-management employees no fewer than one (1) hour of live in-person training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting discrimination and harassment on the basis of sex, including gender identity, and retaliation, as well as training on Defendants' EEO policies and the procedure for making complaints.  A senior member of management will either be present to introduce the trainer and state management's commitment to the goals of the training or will do so by way of a video recording.  Newly hired Hawthorne employees will be given the training within thirty (30) business days after starting in the position.

17. The training agreed to in Paragraphs 15-16 will include the following elements:

(a) It will describe or portray real-world examples of conduct that is unacceptable in the workplace, including examples involving harassment based on race, sex, religion, and/or national origin, and at least one example specifically related to comments or treatment that would be offensive to a transgender individual;

(b) It will be interactive, providing participants opportunities both to answer and ask questions about how to recognize and respond to potentially problematic behavior;

(c) It will explain the avenues available for reporting incidents of harassment or discrimination, and affirm that individuals who make complaints or reports will not be subjected to any form of retaliation or reprisal; that all complaints and reports will receive a fair and thorough investigation, and that complaining employees will receive timely notice of the investigation's findings and conclusions; that Defendants will take prompt and appropriate corrective action to remedy harassment and discrimination at its restaurants; that Defendants will keep complaints and reports and the identities of employees who make them confidential to the extent practicable; and

(d) It will encourage bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for supervisors and managers, required) to take action if they observe any problematic behavior, and it will explain how they can do so.

18. Defendants shall obtain the EEOC's approval of their proposed trainer and the

content the trainer proposes to present before the commencement of any training session required under Paragraphs 15 and 16, above. Defendants shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least twenty (20) business days prior to the proposed date of the first training session, and if the content changes, at least twenty (20) business days prior to the proposed date of the next training with the changed content. If Defendant intends to use a video recording of a senior member of management introducing the trainer and stating management's commitment to the goals of the training, it must be submitted for the EEOC's approval along with the other proposed training materials and in accordance with the same timeframes and requirements as described in the preceding sentence. The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present. In the event the EEOC does not approve Defendants' proposed trainer and/or content, Defendants shall have five (5) business days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance.

19. Defendants will maintain attendance records identifying in legible form the name and job title of the attendees at each session and also containing the signature of each attendee, as well as copies of all training materials presented. Within fifteen (15) business days of each training session, Defendants will provide the EEOC a copy of the attendance records and all materials used during the training session.

## MONETARY RELIEF

20.     Defendants shall make payments to Danielle Feola ("Feola") totaling $100,000 ("Payments"), as set forth below.

21.     Defendants shall issue and mail to Feola, by Certified Mail six equal payments totaling $100,000. Defendants shall issue the payments on or before the following dates: October 15, 2018 or within three (3) business days after the Court enters this decree, November 15, and December 15 of 2018 and January 15, February 15, and March 15 of 2019. The first payment will be designated as compensatory damages. The next two payments will be designated as lost wages. The remaining three (3) payments will be designated as compensatory damages. Defendants will make all required withholdings from the portions of the Payments representing lost wages for applicable federal, state, and local income taxes and the employee share of federal payroll taxes, but will not make any withholdings or deductions from the portions of the Payments representing alleged emotional distress damages. Defendants will be responsible for (and may not deduct from the Payments to Feola) any tax obligation Defendants incurs as a result of these payments, including the employer's share of payroll taxes. Defendants shall contemporaneously send copies of each check and withholdings statement (if applicable) to the EEOC.  Defendants will issue an IRS Form W-2 to Feola for the portions of the Payment representing lost wages, and an IRS Form 1099 for the portions of the Payment representing compensatory damages.

22.     If any payment due under this Decree is not made in full and mailed within the time periods described in Paragraph 21("Unpaid Amount"), then for each business day beyond the fifth business day that such portion remains unpaid, Defendants shall pay to Feola, in the manner set forth above, an amount equal to the greater of $25.00 or 0.1% of the Unpaid Amount.

## TERM OF DECREE AND DISPUTE RESOLUTION

23.      This Decree will remain in effect for two (2) years from the date of entry, provided, however, that if, at the end of the term of the Decree, any disputes about compliance with the Decree remain unresolved (see Paragraph 24), the term of the Decree shall be automatically extended until such time as all such disputes have been resolved.  This case may be administratively closed but will not be dismissed.  The Decree will expire by its own terms at the end of the two-year term, without further action by the parties or the Court, unless the duration of this Decree has been extended automatically pursuant to this Paragraph or by other order of the Court.

24.      If during the term of this Decree the EEOC believes that Defendants have failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendants of the alleged non-compliance and shall afford Defendants twenty-one (21) business days to remedy the non-compliance or satisfy the EEOC that Defendants have complied.  If Defendants have not remedied the alleged non-compliance or satisfied the EEOC that it has complied within thirty (30) business days, the EEOC may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

25.      No party will contest the validity of this Consent Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree.  Subject to the requirements of Paragraph 24, a breach of any term of this Decree by Defendants shall be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action.

## MISCELLANEOUS PROVISIONS

26. Each party shall bear its own expenses, attorneys' fees, and costs.

27. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendants. At least twenty-one (21) days prior to any sale or other transfer of either Defendant's business or sale or other transfer of all or a substantial portion of either Defendant's assets, Defendant(s) shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

28. When this Decree requires a certification by Defendants of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendants.

APPROVED IN FORM AND CONTENT:

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

KIRSTEN PETERS
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
Tel: (212) 336-3671
Fax: (212) 336-3623
Email: kirsten.peters@eeoc.gov

FOR DEFENDANTS APPLE-METRO, INC. AND HAWTHORNE APPLE, LLC,

_(Colleen Power)_

In her capacity as CFO of Apple-Metro, Inc./
Manager of Defendant Hawthorne Apple, LLC

SO ORDERED, ADJUDGED AND DECREED this 25th day of __October__, 2018.

United States District Judge

The Clerk is instructed to terminate the motion (Doc # 61) and close this case.

12

Case 7:17-cv-04339-VB   Document 64-1   Filed 10/25/18   Page 13 of 14

# Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Direct Dial: (212) 336-3620
FAX (212) 336-3625
Website: www.eeoc.gov

## NOTICE OF LAWSUIT AND SETTLEMENT

This Notice has been posted pursuant to a Consent Decree entered into between U.S. Equal Employment Opportunity Commission ("EEOC"), Apple-Metro, Inc. ("Apple-Metro) and Hawthorne Apple, LLC (Hawthorne Apple) in settlement of a lawsuit filed by EEOC in the United States District Court for the Southern District of New York.

Federal law prohibits discrimination and/or harassment on the basis of sex (including pregnancy, gender identity, and sexual orientation), race, color, national origin, religion, age, disability status or genetic information. This includes prohibiting harassment on the basis of gender identity. Federal law also prohibits retaliation against any employee who makes a complaint or files a charge of discrimination or harassment, who opposes unlawful activity, or who cooperates in the investigation of a charge or otherwise exercises her or his rights under the law. As per the Consent Decree in this case, Apple-Metro and Hawthorne:

- Will not tolerate discrimination or harassment against any employee because of his or her sex (including gender identity) or because of any other unlawful basis;

- Will not tolerate retaliation against any person who exercises his or her rights under federal anti-discrimination laws;

- Will redistribute its policies prohibiting discrimination, harassment, and retaliation to its employees, and will provide training on the law and its policies;

- Will report to the EEOC all complaints of retaliation or sex-based discrimination, including discrimination or harassment on the basis of gender identity, that are received from employees at the Hawthorne restaurant; and

- Will permit the EEOC to monitor compliance with the Consent Decree.

Should you have a complaint of discrimination, follow Company policy for reporting such complaints, or you may contact:

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: 1-800-669-4000 | 212-336-3671
TTY (for hearing impaired): 1-800-669-6820 | ASL Video Phone (for hearing impaired): 1-844-234-5122
Website: http://www.eeoc.gov

Date:_____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This Notice must remain posted for two (2) years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the numbers listed above.